UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:18-CR-00079-MOC-WCM

| UNITED STATES OF AMERICA, | ) | |
| --- | --- | --- |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| RICHARD JOSEPH CHANDLER, | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Government's Motion to Dismiss Amended *pro se* Petition (#39) filed by David Harlen Cole, Jr. ("Claimant").

## BACKGROUND

### I.  Factual Background

On November 30, 2018, Defendant Richard Joseph Chandler ("Defendant") pleaded guilty to Counts Three and Four of the Superseding Indictment, which charged him with possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (Count Three), and possession of one or more firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Four). On November 30, 2018, this Court issued a Consent Order and Judgment of Forfeiture (#25), under which Defendant agreed that a silver 2006 BMW (VIN: WBAVB33566KR76593) is subject to criminal forfeiture under 21 U.S.C. § 853, 18 U.S.C. § 924(d), and 28 U.S.C. § 2461(c).

At the time of his arrest on July 21, 2018, Defendant was seated in the driver's seat of the silver 2006 BMW referenced above. Inside the vehicle, officers located, among other things, approximately 553.4 grams of suspected methamphetamine, several thousand dollars in U.S.

Currency, digital scales, two syringes, a .40 caliber handgun that was later determined to be stolen, a loaded .40 caliber magazine, and several zip lock bags. Gov't Mem. (#40) at 2.

The Government obtained information that the silver 2006 BMW was registered in Claimant's name. Accordingly, consistent with 21 U.S.C. § 853(n)(1), on December 17, 2018, the Government provided direct notice of the forfeiture to Claimant by mailing him a copy of the Consent Order and Judgment of Forfeiture, along with a summary of the requirements for filing a valid petition under 21 U.S.C. § 853(n)(3). See (#31-1). In particular, the Notice made clear that the petition "must be signed by the petitioner under penalty of perjury and set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties . . . ." Id. at 3 (citing 21 U.S.C. § 853(n)(3)).

## II. Procedural Background

On January 2, 2019, Claimant filed a Petition (#28), asserting that the "BMW has not been fully paid for by Richard Joseph Chandler and the car is still in my name and I would like it back." On January 17, 2019, the Government filed a Motion to Dismiss Claimant's Petition, arguing that he failed to satisfy the requirements of 21 U.S.C. § 853(n)(3) and otherwise failed to sufficiently demonstrate a valid interest in the vehicle. See Gov't Mot. (#30); Gov't Mem. (#31).

On February 4, 2019, the Court issued an Order denying the Government's Motion to Dismiss without prejudice, finding that, although the Government was correct as to the governing law and its interpretation of the petition, "the Court finds the better course of action is to require petitioner to file an amended petition signed under penalty of perjury either by affidavit or declaration." Order (#36) at 1. Accordingly, the Court directed Claimant to "file an Amended Petition under penalty of perjury within 14 days of entry of this Order." Id. at 2.

On February 12, 2019, Claimant filed an Amended Petition (#37). Unlike his original Petition, Claimant signed the Amended Petition in the presence of a notary. Id. at 3. Additionally, unlike his original Petition, Claimant attached a document, which he contends is his current title status statement, and a DMV statement for the vehicle. Id. at 4–5. Otherwise, the Amended Petition is similar to the original Petition.

On February 25, 2019, the Government filed the present Motion to Dismiss the Amended Petition (#39), arguing that Claimant has still failed to satisfy the requirements of 21 U.S.C. § 853(n)(3). In accordance with Roseboro v. Garrison, 582 F.2d 309 (4th Cir. 1975), the Court advised Claimant, who is proceeding *pro se*, that he had the right to file a written Response to the Government's Motion to Dismiss and explain why his Amended Petition should not be dismissed. See Roseboro Order (#41). Claimant was further advised of the bases upon which the Government seeks dismissal[1] and given specific instructions on how to address each issue. The Court allowed Claimant 14 days to respond to the Government's Motion to Dismiss. Claimant did not respond and the time to do so has passed.[2]

**FINDINGS AND CONCLUSIONS**

**I.      Procedures & Standard of Review Governing Forfeiture Proceedings**

Federal Rule of Criminal Procedure 32.2 and 21 U.S.C. § 853 dictate the procedures applicable to a criminal forfeiture proceeding. See United States v. Oregon, 671 F.3d 484, 487–

---

[1] Claimant was advised that the Government seeks dismissal based on these issues: (1) his failure to submit his Amended Petition under penalty of perjury, and (2) his failure to allege or explain the nature and extent of his right, title, or interest in the car.

[2] Because Claimant did not file a response to the Motion to Dismiss the Amended Petition, he is deemed to have abandoned his claims. See Crosby v. Gastonia, 635 F.3d 634, 637 n.3 (4th Cir. 2011); see also United States v. Bailey, 926 F. Supp. 2d 739, 774 (W.D.N.C. 2013) (deeming petitioner to have abandoned his petition where he failed to oppose the government's motion to dismiss). In an abundance of caution, however, the Court will address the merits of Claimant's claims.

3

88 (4th Cir. 2012); Bailey, 926 F. Supp. 2d at 759. Rule 32.2(b)(1) provides for entry of a preliminary order of forfeiture upon the entry of a guilty verdict or a plea of guilty if the Court determines by a preponderance of the evidence that there is a nexus between the identified property and the offense. See Libretti v. United States, 516 U.S. 29, 38–40 (1995); Bailey, 926 F. Supp. 2d 759. Where property is seized pursuant to a preliminary forfeiture order, "any third party who claims an interest in the property to be forfeited may file a petition with the district court contesting the forfeiture." Oregon, 671 F.3d at 488 (citing FED. R. CRIM. P. 32(c)(1)). If a third-party claimant files a petition, a court must conduct an ancillary proceeding. Id. at 488; see United States v. Von NotHaus, No. 5:09-CR-27, 2017 WL 1396043, at *3 (W.D.N.C. Apr. 18, 2017) (summarizing the ancillary proceeding process).

The first step in an ancillary forfeiture proceeding is for a court to "consider any motion by the United States to dismiss the petition for lack of standing." Oregon, 671 F.3d at 488 (citing FED. R. CRIM. P. 32.2(c)(1)(A), (B)). The issue of statutory standing "is a separate inquiry from Article III standing," and presents a challenge to the sufficiency of the pleadings in the claim petition relative to the statutory elements a party must allege to challenge a preliminary order of forfeiture. Id. at 490 n.6. In this respect, a motion to dismiss that challenges a party's statutory standing is "effectively the same as a dismissal for failure to state a claim" under FED. R. CIV. P. 12(b)(6). Id. (quoting CGM, LLC v. BellSouth Telecomm., Inc., 664 F.3d 46, 52 (4th Cir. 2011)); see also United States v. Salti, 579 F.3d 656, 667 (6th Cir. 2009) ("[A] motion to dismiss a third-party petition in a forfeiture proceeding prior to discovery or a hearing should be treated like a motion to dismiss a civil complaint under Federal Rule of Civil Procedure 12(b).").

## II. Statutory Standing Analysis

Under 21 U.S.C. § 853(n), a third-party petitioner must have a "legal right, title, or interest" in the seized property. Oregon, 671 F.3d at 490; see also United States v. Timley, 507 F.3d 1125, 1129–30 (8th Cir. 2007). To establish statutory standing, the statute mandates that:

> The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

21 U.S.C. § 853(n)(3). In its Motion to Dismiss, the Government argues Claimant's Amended Petition fails to satisfy two statutory requirements under 21 U.S.C. § 853(n).

### A. Penalty of Perjury

The Government argues the Amended Petition should be dismissed because Claimant did not sign the petition under penalty of perjury as required by 21 U.S.C. § 853(n)(3). The requirement that a third-party petition under Section 853(n) must be signed under penalty of perjury is "not a mere technical requirement that we easily excuse." United States v. Commodity Account No. 549 54930 at Saul Stone & Co., 219 F.3d 595, 597 (7th Cir. 2000). As the Second Circuit Court of Appeals observed, "there is a substantial danger of false claims in forfeiture proceedings." Mercado v. U.S. Customs Serv., 873 F.2d 641, 645 (2d Cir.1989); see also United States v. $487,825, 000 in U.S. Currency, 484 F.3d 662, 664–65 (3d Cir. 2007) ("A claimant who fails to file a verified statement has no standing to contest a forfeiture."); United States v. U.S. Currency, in the Amount of $103,387.27, 863 F.2d 555, 559 (7th Cir. 1988) (same).

Here, Claimant signed his Amended Petition in the presence of a notary, but not under penalty of perjury. The mere fact that an individual has signed a document before a notary does not establish that he signed the document under penalty of perjury; it only demonstrates that the

person signing the document is who he purports to be. See Network Computing Servs. Corp. v. Cisco Sys., Inc., 152 Fed. App'x 317, 321 (4th Cir. 2005) ("The notary's certificate simply means that the president's signature is authentic. It is not a substitute for language indicating that the witness understood he risked prosecution for perjury if he gave false testimony."); Shaw v. United States, No. 1:04-CV-96, 2006 WL 1041790, at *5 (W.D.N.C. Apr. 19, 2006) ("Nor does the notary's handwritten statement that the affiant appeared before him convert these documents into affidavits sworn to or declarations made under penalty of perjury."); Hill v. Se. Freight Lines, Inc., 877 F. Supp. 2d 375, 384 (M.D.N.C. 2012) (although exhibit was notarized, it did not certify that the statement was true under penalty of perjury).

While the Court is mindful of Claimant's *pro se* status, even a *pro se* litigant must comply with the applicable legal requirements. In the forfeiture context, "[c]ourts have strictly construed the statutory requirements in order to discourage false or frivolous claims." United States v. Molina-Sanchez, No. 3:12-cr-25, 2013 WL 4083271, at *2 (W.D.N.C. Aug. 13, 2013) (quoting United States v. Ginn, 799 F. Supp. 2d 645, 647 (E.D. La. 2010)). Accordingly, courts have dismissed *pro se* petitions that fail to satisfy the requirements enumerated in 21 U.S.C. § 853(n)(3). Molina-Sanchez, 2013 WL 4083271, at *2; see also United States v. Loria, No. 3:08-cr-233, 2009 WL 3103771, at *2 (W.D.N.C. Sept. 21, 2009) (dismissing petition because, among other things, it was not signed under penalty of perjury).

Claimant has now had at least three opportunities to comply with 21 U.S.C. § 853(n)(3), but he has patently failed to follow the statute or the instructions in the Court's two previous Orders. At this point, the Court could summarily dismiss the Amended Petition, as it is apparent that Claimant does not want to file his petition under the penalty of perjury. See United States v. Owens, No. 1:09–CR–89, 2010 WL 583910, at *2 (S.D. Ind. Feb. 12, 2010) (dismissing petition

not signed under penalty of perjury and opining that "there is no excuse for failing to follow the plain language of an unambiguous federal rule that the United States provided to Boswell in the two letters"); United States v. Fabian, No. 1:11-CR-157, 2013 WL 150361, at *8 (W.D. Mich. Jan. 14, 2013) (dismissing petition where petitioner received timely notice of the requirements for filing a petition but did not sign under penalty of perjury), aff'd, 764 F.3d 636 (6th Cir. 2014); see also Bailey, 926 F. Supp. 2d 739, 774 (W.D.N.C. 2013) (dismissing petition where petitioner failed to oppose the government's motion to dismiss and, therefore, was deemed to have abandoned his petition). However, in an abundance of caution, the Court will address the merits of Claimant's Amended Petition.[3]

### B. Nature and Extent of Interest

Section 853(n)(3) requires Claimant to allege the nature and extent of his right, title, or interest in the vehicle. The Fourth Circuit has instructed that, to prevent "manipulation of ownership" by criminals, courts must "look beyond bare legal title" and whether a petitioner had a "property interest under state law,"[4] to determine whether he has a valid legal interest in the property. In re Bryson, 406 F.3d at 291 (citing United States v. Morgan, 224 F.3d 339, 343–43 (4th Cir. 2000)). In doing so, courts must inquire whether the petitioner a mere nominee—that is,

---

[3] "Statutory standing is itself a merits issue." Id. at 490; CGM, LLC, 664 F.3d at 52 (explaining that dismissal for lack of statutory standing is "effectively the same as a dismissal for failure to state a claim"). Standing is analyzed at the outset pursuant to FED. R. CRIM. P. 32.2(c)(1)(B).

[4] To determine whether an asserted interest constitutes a legally protected right, courts "look to the law of the jurisdiction that created the property right to determine whether the claimant has a valid interest." Timley, 507 at 1129-30; see also Oregon, 671 F.3d at 490 ("Although the forfeiture issue here is a matter of federal law, we generally refer to state law in determining whether a petitioner has a legal interest in forfeited property."). However, in "circumstances where there is evidence a defendant has manipulated state law property rights to shield assets from the reach of forfeiture law," the Fourth Circuit has "departed from [reliance on] state law." Oregon, 671 F.3d at 490 n.7 (citing Bryson, 406 F.3d at 290–91 and Morgan, 224 F.3d at 343–43).

7

"existing in name only, not in reality"—or a true owner of the forfeited property. Id.; United States v. $7,000 in U.S. Currency, 583 F. Supp. 2d 725, 729–30 (M.D.N.C. 2008) (explaining that "even legal owners of property must demonstrate some dominion or control or other indicia of true ownership beyond mere legal title" and setting forth various indicia that courts have used to determine vehicle ownership). The petitioner is a true owner if he had actual dominion and control over the property at issue. See Bryson, 406 F.3d at 291 (finding no dominion and control where third-party petitioner in whose name the property was titled did not pay for the property and did not pay taxes on the property); Morgan, 224 F.3d at 343 (finding no dominion or control where a third-party petitioner did not control the money in the account in question and did not have knowledge of how her husband managed and used the account).

In its Motion to Dismiss, the Government argues that Claimant does not have standing to contest the forfeiture because he has proven only nominal ownership of the vehicle and has not demonstrated dominion or control or other *indicia* of true ownership. See Gov't Mot. (#30); Gov't Mem. (#31) at 6–7. More specifically, the Government argues that Claimant "has not alleged the time and circumstances of his acquisition of his interest in the BMW." Gov't Mem. (#31) at 6. While Claimant appears to contend that he sold the vehicle to Mr. Chandler and that Mr. Chandler has not fully paid him, the Government points out that Claimant "does not explain when this sale took place, the terms of the sale, and how much remains owed." Id. Accordingly, the Government argues that Claimant has not established a valid legal interest in the forfeited property. The Court agrees.

In support of his petition, Claimant provided only his current title status and a DMV statement for the vehicle. See (#37) at 4–5. This evidence, however, merely shows that he has "bare legal title" to the vehicle. Bryson, 406 F.3d at 291. It does not demonstrate "dominion or

control or other indicia of true ownership" of the forfeited property. $7,000 in U.S. Currency, 583 F. Supp. 2d at 729–30. Claimant should have submitted, as the Court instructed in its previous Order, "copies of any paperwork he has that supports his contention that he owns the car or that [Defendant] failed to pay for the car, such as a financing agreement, Bill of Sale, title, copies of checks, and receipts for payment of registration and taxes." Roseboro Order (#41) at 3.

Without such documentation, there is no proof that Claimant legally purchased the car for value, that he was responsible for its care and maintenance, or that he exercised any other form of dominion and control over the vehicle. As such, the Court finds that Claimant is merely a nominal owner of the vehicle. Claimant has not demonstrated a valid legal interest in the forfeited property and, therefore, has no statutory standing under Section 853(n)(3). Bryson, 406 F.3d at 291; $7,000 in U.S. Currency, 583 F. Supp. 2d at 729–30 (explaining that "even legal owners of property must demonstrate some dominion or control or other indicia of true ownership beyond mere legal title" and setting forth various indicia that courts have used to determine vehicle ownership).

For the reasons more fully stated in the Government's Motion to Dismiss, the Amended *pro se* Petition will be dismissed without further proceedings. See Salti, 579 F.3d at 664 ("[D]iscovery and a hearing are not required prior to a ruling on a motion to dismiss."); see also Fabian, 2013 WL 150361, at *4 ("Where a petitioner fails to allege or make a prima facie showing of any legal right, title or interest in the forfeited property, no hearing or trial is mandated.").

**ORDER**

**IT IS, THEREFORE, ORDERED** that the Government's Motion to Dismiss Amended *pro se* Petition Filed by David Harlen Cole, Jr. (#39) is **GRANTED**, and Claimant's Amended Petition (#37) is **DISMISSED** with prejudice.

Signed: March 28, 2019



Max O. Cogburn Jr.
United States District Judge